[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiff claims the Town of Tolland conducted a tax sale of a certain parcel of property which the plaintiff, along with two others, co-owned. The plaintiff claims the sale was illegal and seeks to set it aside. He also seeks damages in the amount of $27,733.33.
The parties submitted this dispute to the court on the papers based on a stipulation of facts dated August 19, 1996.
By way of special defense, the defendants claim any irregularities in the sale were validated by Connecticut General Statutes § 12-159, commonly cited as a validating act. The defendants also claim that the defendant does not have standing to bring the action, claiming that he had actual notice of the tax collector's demand and of the subsequent sale.
Standing
The plaintiff was one of the three co-owners were Bert Robinson and Harland Shapiro. Neither Robinson nor Shapiro are CT Page 7779 parties to this action.
On May 2, 1991, the tax collector served upon Vakalis, Robinson and Shapiro a tax collector's demand. The demand was sent by certified mail, return receipt requested, to the business address of Vakalis. It was received and signed for on May 3, 1991 by "M. Vakalis." Tax assessments on the property had not been paid since October 1, 1979.
Section 12-155 of the general statutes, which authorizes tax collectors to demand, levy upon, and sell real estate for unpaid taxes requires that demand be made by personal service or written demand at the taxpayer's usual place of abode, or by mail to his last known place of residence. Vakalis claims that sending notice to all three co-owners to him at his business address violates the statute and invalidates the subsequent sale.
This claim goes to personal jurisdiction. Vakalis received the demand, albeit not at his place of abode. The purpose of the statute, as it related to Vakalis, was met. He should not be heard to raise issues personal to other owners who have not contested the sale. As to him, the demand was not invalid.
Notice of the Tax Sale
Vakalis further claims the town failed to give proper notice of the tax sale, citing § 12-157 of the general statutes which requires the tax collector to prepare duplicate notices, one to be posted on a signpost in the town and the other to be filed in the land records of the town clerk. That statute requires a similar notice be sent to the taxpayer at his place of residence.
Although the town did not file a duplicate notice on the land records of the notice posted at the town hall signpost, the notices were adequate to inform the public of the owners of the property, its location and a reference to either an assessor's map or the volume and page within the land records for a more particular description. Proper publication was also made in a newspaper as required by statute.
In their factual stipulation, the parties agreed that the tax collector would testify she believes she mailed a notice of sale to the record owners of the property and to any lienholders, but she has no copies of same in her files. Her file did, however, CT Page 7780 contain a worksheet or instruction sheet which she used for this sale. The instruction sheet was highlighted by her contemporaneously with the dates shown on the document and corroborate that the notices were posted, published and mailed (Exhibit E). Vakalis would testify that he did not receive the Notice of Sale, but does concede that he knew of it within one year of its date and had contacted town officials prior to the expiration of the one year redemption period seeking information on how, and at what cost, to redeem.
The Court concludes that the stipulated facts show by a fair preponderance that the plaintiff received notice of the tax sale.
Error in Description Used In Notice of Sale
The description of metes and bounds used by the tax collector was incorrect. It described only a portion of the premises and essentially described a straight line running in a southerly direction. This same faulty description was also used in the tax collector's deed. The plaintiff argues this concededly erroneous description is legally insufficient and therefore the sale should be voided.
The notice did properly locate the property as being located on Merrow Road in the town of Tolland. It also made reference to the volume and page of the land records for a more particular description. The notice which was published in the newspaper also referenced the assessor's aerial map 29, section M, lot 2.
The plaintiff was at all times fully aware of the property which was being sold. He was not mislead or harmed by error. The successful purchaser has not raised an issue over the error which can easily be cured by the town issuing a correcting deed.
In addition, this defect would appear to be cured by Connecticut General Statutes § 12-159 the validating statute. The statute operates to cure defects in tax sales and deeds. In order to defeat the curative purpose of the statute the plaintiff would have to show that any error caused his tax to be greater than it would have been, or that his cost to redeem the property would have been greater because of the error and that he was unaware of the sale within one year after it was made. He is unable to show that any of these things is applicable.
Bad faith by the tax collector
CT Page 7781
The plaintiff claims that because, prior to the tax sale, Vakalis had initiated a partition action against the other co-owners which was pending at the time of the tax sale, and this fact was known to the tax collector since the town of Tolland was made a party in that action, that therefore the town acted in bad faith in selling the property at a tax sale rather than await the resolution of the partition action.
The plaintiff cites no authority for the proposition that the tax collector was required to delay in its duty to collect taxes owed to the town. Taxes on this parcel had not been paid since 1979. This property was sold at public auction along with four other parcels on the same date. There is no evidence from which the Court could conclude bad faith on the part of the tax collector.
Conclusion
The plaintiff had notice of the demand for taxes and that a tax sale would occur. He was aware of the sale within the one year redemption period and did not choose to redeem the property for unpaid taxes, fees and costs. He cannot raise claims on behalf of others whose rights may or may not have been affected by any of the claimed errors on the part of the tax collector. As to the plaintiff, he was properly noticed and suffered no prejudice as a result of the error in the deed or notice description. He is not entitled to have the sale set aside and, since the sale is valid, is not entitled to other damages.
Judgment shall enter for the defendants.
Klaczak, J.